IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

SEAN STEARNS,                          )
                                       )
        Plaintiff,                     )
                                       )
    vs.                                )    Case No. 4:21-cv-662-HFS
                                       )
CITY OF KANSAS CITY, MO,               )
BOARD OF POLICE COMMISSIONERS          )
OF KANSAS CITY,                        )
COMMISSIONER MARK TOLBERT,             )
COMMISSIONER CATHY DEAN,               )
COMMISSIONER NATHAN GARRETT,           )
COMMISSIONER DON WAGNER,               )
COMMISSIONER DAWN CRAMER,              )
MAYOR QUINTON LUCAS                    )
(Board Member), DAVID KENNER           )
(Board Member), RICHARD C. SMITH,      )
Police Chief of Kansas City, Missouri  )
Police Department,                     )
and                                    )
TROOPER JEFFREY SPIRE,                 )
                                       )
        Defendants.                    )

**MEMORANDUM AND ORDER**

Summary judgment motions by defendant Kansas City Police Board (Doc. 87) and defendant Highway Patrol Trooper Spire (Doc. 89) have been pending for an inordinate period and will be rather succinctly ruled. Plaintiff Stearns has suffered a severe injury and important

1

questions are involved.  Stearns lost an eye, purportedly after being struck by a projectile fired by the trooper, late in a local protest on May 30, 2020, associated with the killing of George Floyd.  My ruling will grant the defendants' motions based on the reasons and authorities stated by them, but with additional brief explanation.

The Spire contention that his firing of a non-lethal but very dangerous projectile (a 40MM Riot CS Smoke 3-projectile weapon) was not the action that injured Stearns is quite debatable but will be rejected as contested for summary judgment purposes.

I do accept defendants' theory that current law requires that a Free Speech violation requires proof that defendant was targeted in a retaliatory action, and that plaintiff has no proof that this occurred—in fact he tacitly concedes that what defendants describe as crowd control was what the trooper was attempting, if in an allegedly reckless or inept manner.  The only case on First Amendment retaliation directly cited and relied on by plaintiff is Green v. City of St. Louis, 52 F4th 734 (8th Cir. 2022), which is quite consistent with the targeting requirement.  As the trial court explained, Green took shelter with others (where she could hear officers "banging on the door and yelling").  When she moved on to her vehicle, "mocking statements" were directed toward her.  Officers passed her, but then took a U-turn and dispersed tear gas.  While that plaintiff was not alone in the retaliatory events, no cases are cited by Stearns that support a claim that hostility toward a whole crowd of protestors will suffice in a Free Speech retaliatory claim.  Perhaps it should, but the cited cases do not go that far.  I do see some prospect of success for a right to assemble claim, as discussed below—but that is not yet developed.

There is apparently no legal support for an unadorned excessive force claim under the

Fourteenth Amendment or the Fourth Amendment. But see, Mitchell v. Kirchmeier, 28 F.4th 888 (8th Cir.2022). The panel in Mitchell required a trial where, as claimed here, the plaintiff lost an eye from projectiles shot by law enforcement officials.[1] They apparently did so because plaintiff was later arrested, supposedly giving him retroactive Fourth Amendment rights. Even if an intent to arrest pre-dated the "non-lethal" shooting, I respectfully question the Fourth Amendment rationale, which seems to have no realistic connection with the bean bag shooting—although the result of the case is welcome. I would justify it legally as protecting the First Amendment right to assemble. That right is of course not absolute, but subject to reasonable limitations—but not, I agree with the plaintiff here, with "excessive force". We probably avoid the "retaliation" limitation by using a right to assemble approach. This speculation would not justify denying summary judgment here, even if sound, because not argued by plaintiff, and probably being too novel to escape qualified immunity.

It may be argued that the panel in Mitchell did in fact use the approach suggested when they dealt with a claim for Monell liability of the county. They referred to plaintiff's allegation that there was a "persistent pattern of unconstitutional conduct". 28 F.4th at 900-901. This was a reference to deploying weapons such as bean bag guns "at protestors". The opinion mentions an allegation that "'an explosive munition ...nearly severed a protestor's left hand...'" This language cannot refer to a Fourth Amendment violation because there was no seizure aspect of the incident--my explanation would be that it protects the First Amendment right of assembly by forbidding the use of excessive force against groups of protestors. No

---

[1] Another lost eye case involving missiles fired at protestors is Sanders v. Cuyahoga County, 2022 WL 17821347 (N.D. Ohio). There are doubtless more.

3

other rationale seems to give constitutional status to the alleged misconduct that impacted the county in Mitchell.

The foregoing discussion relates to defendant Spire. Having ruled for the State trooper, I am satisfied that summary judgment should be granted to the municipal defendant on plaintiff's abstract claims pertaining to policing. Having rejected all Federal claims, the State law claims will be dismissed without prejudice.

Accordingly, the Board's motion for summary judgment (Doc. 87) is GRANTED, and Officer Spire's motion for summary judgment (Doc. 89) is GRANTED. The Clerk of the Court is directed to enter judgment in favor of defendants. [2]

          /s/ Howard F. Sachs
          HOWARD F. SACHS
          UNITED STATES DISTRICT JUDGE

Dated: October 5, 2023
Kansas City, Missouri

---

[2] Although this result favors defendants, if other appellate courts support the portions of Mitchell that accept constitutional protection of assembled protestors from force that is deemed to be excessive, without dealing with further issues such as retaliation, arrest or custody, it seems that an important extension of constitutional law will have occurred.